UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD JANSEN,<br><br>Petitioner,<br><br>v.<br><br>STEVE SMITH, Warden[1]<br><br>Respondent. | No. 2:23-cv-02018-EFB (HC)<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent has filed a motion to dismiss the petition on the ground that it is untimely. ECF No. 11. Petitioner has opposed the motion, arguing that his petition is timely. ECF No. 14. For the following reasons, respondent's motion to dismiss is GRANTED.

**I.   Procedural History**

Petitioner was convicted in Sutter County Superior Court of grand theft, burglary, failure to appear, felon in possession of a firearm, and felon in possession of ammunition. Numerous sentencing allegations were also found true, and petitioner was sentenced on May 1, 2020 to a

---

[1] Respondent has requested that the court substitute Steve Smith, the current Warden of Pleasant Valley State Prison, for Tristan Lemon, who was originally named as respondent. Respondent's request is granted. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

determinate state prison term of eleven years. Lod. Doc. 1.[2] Petitioner appealed the judgment, and on August 11, 2021, the California Court of Appeal affirmed. Lod. Doc. 2. Petitioner did not file a petition for review in the California Supreme Court.

Petitioner subsequently filed seven state post-conviction collateral actions challenging the judgment.[3] His first petition was filed with the Sutter County Superior Court on February 3, 2020 and denied on February 20, 2020. Lod. Docs. 3 & 4. His second petition was filed with the Sutter County Superior Court on November 30, 2021 and denied on January 13, 2022. Lod. Docs. 5 & 6. His third petition was filed in the California Court of Appeal on March 1, 2022 and denied on March 18, 2022. Lod. Docs. 7 & 8. His fourth petition was filed in the California Supreme Court on May 1, 2022 and denied on August 10, 2022. Lod. Doc. 9 & 10. His fifth petition was filed in Sutter County Superior Court on September 17, 2022 and denied on October 18, 2022. Lod. Docs. 11 & 12. His sixth petition was filed in the California Court of Appeal on November 7, 2022 and denied on November 28, 2022. Lod. Docs. 13 & 14. His seventh petition was filed in the California Supreme Court on December 14, 2022 and denied on July 12, 2023. Lod. Doc. 15 & 16.

Petitioner filed his current federal petition (based on the mailbox rule) on August 3, 2023. ECF No. 1 at 15.[4]

**II.     Legal Standards**

**A. Motion to Dismiss**

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts, which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is

---

[2] Respondent has lodged these documents at ECF Nos. 12 & 16. The court may take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.2d 952, 954-55 (9th Cir. 2010).

[3] The following dates listed are those based on the "mailbox rule." *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying "mailbox rule", where a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court", to both state and federal petitions) (citations omitted).

[4] The date of docketing is September 18, 2023. ECF No. 1.

stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (citation omitted). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. As noted *supra*, the court may also take judicial notice of court records and does so here. *Porter* 620 F.3d at 954-55.

### B. Statute of Limitations

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases, the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed," however, if it is authorized by and in compliance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (stating that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") There is no tolling for periods of unreasonable delay between state court applications. *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

### III. Analysis

#### A. The Limitations Period

As discussed *supra*, court records indicate that petitioner's conviction was affirmed by the Court of Appeal on August 11, 2021. Lod. Doc. 2. Although petitioner did not file a petition for

3

review with the California Supreme Court, the deadline to do so would have been on September 20, 2021, forty days after the decision by the Court of Appeal. *See* California Rules of Court, rules 8.366 & 8.500. At that point, the state judgment became final and the one-year limitations period began to run on September 21, 2021. 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cr. 2001). Accordingly, the last day to file a federal petition was one year subsequent, on September 20, 2022, plus any relevant tolling period. As noted *supra*, using the mailbox rule, petitioner's instant petition which is file stamped September 18, 2023, is deemed filed on August 3, 2023, when he handed it to prison officials for mailing to the court.

**B. Tolling**

Petitioner is not entitled to statutory tolling. The one-year limitations period may be tolled during the time a "properly filed" state petition for collateral relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner, however, did not properly file any state post-conviction collateral actions within the one-year limitations period.

Petitioner's first state petition was decided on February 20, 2020, prior to the September 21, 2021 commencement of the limitations period. Lod. Doc. 4. Under such circumstances, a state petition has no impact on the statute of limitations. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (finding that state habeas petition denied before the federal limitations period had begun to run has no impact on the timeliness of the federal petition).

Petitioner's second and fifth state petitions were specifically denied as untimely. Lod. Doc. 6 & 12. As such, they were not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005). Petitioner's third and fourth state petitions raised the same claim as his second state petition, and were denied without comment or citation. Lod. Docs. 7-10. "[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently recognize that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803-806 (1991); *see also Pace*, 544 U.S. at 414 (finding that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (quotations omitted). As such, both the third and fourth petitions were also not

4

1  "properly filed" and did not toll the limitations period.

2  As for petitioner's sixth and seventh state petitions (filed on November 7, 2022 and December 14, 2022 respectively), both were filed after the September 20, 2022 expiration of the limitations period. Lod. Docs. 13-16. As such, there was no tolling of the limitations period. *See, e.g.*, *Jiminez v. Rice*, 276 F3d 478, 482 (9th Cir. 2001) (finding state habeas petition filed "after the AEDPA statute of limitations ended" does not toll the limitations period).

Petitioner has not offered any persuasive argument that he is entitled to statutory tolling. Petitioner first argues in his opposition to respondent's motion that he "filed the present habeas corpus petition on September 17, 2022 within the one year limit making it timely." ECF No. 14 at 2. It is undisputed, however, that petitioner did not file his federal petition until August 3, 2023 (pursuant to the mailbox rule), ten months after the September 20, 2022 deadline. ECF No. 1.

Petitioner also maintains that because the California Supreme Court directed a response to his petition, the California Supreme Court considered his petition on the merits, and thus triggered statutory tolling of the statute of limitations. The California Supreme Court did order briefing for petitioner's seventh state petition. Lod Docs. 17 & 18. As discussed *supra*, however, that petition was filed on December 14, 2022, well after the September 20, 2022 expiration of the AEDPA limitations period. Thus, there was no possibility of tolling.[5] *See, e.g., Jiminez*, 276 F. 3d at 482. Because respondent has demonstrated that petitioner's federal petition was untimely, and petitioner has not shown that he is entitled to tolling, respondent's motion to dismiss must be granted.

**IV.    Conclusion**

Accordingly, it is ORDERED that:

1. Respondent's motion to dismiss (ECF No. 11) is GRANTED;
2. The petition (ECF No. 1) is DISMISSED WITH PREJUDICE as untimely;
3. Petitioner's motions for summary judgment (ECF Nos. 18 & 19) are DENIED as moot;

---

[5] Petitioner makes no argument that he is entitled to equitable tolling, and a review of the record does not show that there are any grounds for equitable tolling.

4. The Clerk is directed to close the case; and

5. The Court declines to issue a Certificate of Appealability.

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE